UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:22-cv-00090-LLK

KIMBERLY K.                                                                                                  PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefit. Plaintiff's fact/law summary is at Doc. 18, and the Commissioner's response in opposition is at Doc. 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 11].

Plaintiff makes two arguments. [Doc. 18]. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## The ALJ's decision

On March 23, 2021, the ALJ issued the Commissioner's final decision, which found that Plaintiff was not disabled from April 26, 2019, when she alleges that she became disabled, through the March 23, 2021, decision date. [Administrative Record, Doc. 9 at 10-24].

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 26, 2019, when she alleges that she became disabled. *Id.* at 12.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: seizure disorder, history of cerebral vascular accident, and obesity. Id. at 13.

1

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 16.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) … can lift and carry up to 20 pounds occasionally and 10 pounds frequently … can stand, walk, and sit for 6 hours each in an 8-hour day … cannot climb ladders, ropes, or scaffolds … occasionally can climb ramps and stairs, stoop, kneel, crouch, and crawl … occasionally can be exposed to vibration … can have no exposure to hazardous conditions such as unprotected heights or dangerous moving machinery.

*Id.* at 18.

Fourth, the ALJ found that Plaintiff is capable of performing her past relevant work as a press operator and customer service worker at a dry cleaner (as actually and generally performed in the national economy). *Id.* at 23.

The ALJ did not reach the fifth and final step of the evaluation process, which would have concerned Plaintiff's ability to perform jobs other than past relevant work, which exist in significant numbers in the national economy.

**The ALJ's second step, severity findings are supported by substantial evidence.**

As noted above, the ALJ found that Plaintiff suffers from severe, or vocationally significant, seizure disorder, history of cerebral vascular accident, and obesity. [Doc. 9 at 13]. Plaintiff's first argument is that "[s]ubstantial evidence also requires that the Plaintiff's psoriatic arthritis and osteoarthritis be considered severe impairments as they impose more than a minimum effect upon her ability to perform work activity." [Doc. 18 at PageID.1119].

The argument is unpersuasive for two reasons.

First, the ALJ found Plaintiff's "psoriatic arthritis, generalized osteoarthritis of multiple sites, disorder of the connective tissue, [and] fibromyalgia" to be non-severe, or not vocationally significant.

2

[Doc. 9 at 15]. Plaintiff carries the burden of proving that her impairments are severe, or vocationally significant, and that the severity "lasted or [could have been] expected to last for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A). *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not alleged or shown that her psoriatic arthritis and osteoarthritis resulted in severe limitations satisfying the duration requirement.

Second, an ALJ's erroneous finding that an impairment is non-severe at step two of the sequential evaluation process is, at worst, harmless error where the ALJ considered the impact of all severe and non-severe impairments on the claimant's ability to work at later steps of the evaluation. *Emard v. Comm'r*, 953 F.3d 844, 852 (6th Cir. 2020) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). In this case, the ALJ found Plaintiff's psoriatic arthritis and osteoarthritis to be non-severe, and, alternatively, found that "any associated pain or limitations [caused by these impairments] would be accounted for by [Plaintiff's] assigned exertional and postural demands" as stated in the ALJ's RFC finding. [Doc. 9 at 15]. Stated somewhat different, the ALJ explained that "[a]lthough found to be nonsevere, the undersigned also has considered [Plaintiff's] … psoriatic arthritis, generalized osteoarthritis of multiple sites, disorder of the connective tissue, and fibromyalgia in determining [her] exertional limitations." *Id.* at 21.

Plaintiff alleges that the ALJ's RFC finding was deficient because it did not "allow for changing positions between sitting and standing throughout the course of the day." [Doc. 18 at PageID.1120]. But there is no evidence that Plaintiff's psoriatic arthritis and osteoarthritis result in a degree of need to change position that would preclude performance of past relevant work.

### The ALJ's determination of the effect of Plaintiff's seizure disorder on her RFC was supported by substantial evidence.

The ALJ noted that, at the administrative hearing, Plaintiff admitted that her convulsive seizures are now well controlled with medication but insisted that she now suffers from so-called "absence" seizures, which are not well controlled:

> … [Plaintiff] testified that since her convulsive seizures stopped, she has had another type of seizure.  During this type of [absence] seizure, [Plaintiff] said she is unaware of what she is saying or doing and that she stares.  She reported these events last 4 to 5 minutes and can occur 2 to 3 times a week.  When she becomes aware, she stated she will not remember the event and someone has to tell her what happened.

[Doc. 9 at 18].

Plaintiff's second argument is that the ALJ's finding that she "has a seizure disorder without reflecting the frequency and duration of such events in the adjudged RFC [finding] is contrary to the requirements of 20 CFR 404.1529."  [Doc. 18 at PageID.1121].

The argument is unpersuasive for two reasons.

First, in finding that Plaintiff "cannot climb ladders, ropes, or scaffolds" and "can have no exposure to hazardous conditions such as unprotected heights or dangerous moving machinery" [Doc. 9 at 18], the ALJ's RFC finding reflects a frequency and duration of convulsive and/or "absence" seizure symptoms.

Second, 20 C.F.R. § 404.1529 does not require that, when a disorder is found to exist, the Commissioner identify a specific frequency and duration of associated symptoms.  The only reference to "frequency" or "duration" in Section 404.1529 is a statement to the effect that, when determining the limiting effects of pain and other subjective symptoms, the Commissioner should consider seven factors, including factor two, which is the "location, duration, frequency, and intensity of your pain or other symptoms."  Section 404.1529(c)(3)(ii).

The ALJ stated that, in determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529."  [Doc. 9 at 18].  There is no indication that the ALJ failed to consider factor two.  An ALJ need not discuss every Section 404.1529 factor in her written decision.  Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, *8.

4

**Order**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 6, 2023

Lanny King, Magistrate Judge
United States District Court